United States District Court
Southern District of Texas
**ENTERED**
July 15, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| REYNALDO CUEVA, § | | |
| Plaintiff § | | |
| § | | |
| § | | |
| v. § | Civil Action No. 1:20-cv-101 | |
| § | | |
| PAN-AMERICAN LIFE INSURANCE § | | |
| COMPANY, ET AL., § | | |
| Defendants § | | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

On July 10, 2020, United States District Judge Micaela Alvarez issued an Order transferring this civil action to the Brownsville Division from the McAllen Division. Dkt. No. 17. Judge Alvarez found that Defendant Pan-American Life Insurance Company (hereinafter, "PALIC") had removed this action from the 197th District Court in Willacy County, Texas, to the McAllen Division, in error. *Id.* at 1-2. She correctly held that venue is proper in this Division because it is the Division embracing the 197th District Court in Willacy County. *Id.* at 2 (citing 28 U.S.C § 1441(a)).

Several motions are now pending before the Court. PALIC has filed a "12(b)(6) Motion to Dismiss Plaintiff's Supplemental Petition" (hereinafter, PALIC's "Motion" or "Motion to Dismiss"). Dkt. No. 4. Plaintiff Reynaldo Cueva has filed a "Rule 41(a)(1)(A)(i) Motion for Voluntary Dismissal" (hereinafter, Cueva's "Motion" or "Rule 41 Motion"). Dkt. 7. Cueva has also filed a Motion to Remand. Dkt. No. 8. For the reasons provided below, it is **RECOMMENDED** that the Court: (1) **GRANT** Cueva's Motion to Remand; (2) **DENY** PALIC's Motion as moot; and, (3) **DIRECT** the Clerk of Court to **REMAND** this case.

## I. Background and Procedural History

This case arose out of an accident occurring on or about August 24, 2018. Dkt. No. 1 at 23. Cueva alleges that, while working as an employee of Defendant E.L. Lopez, Jr., Trucking L.L.C., he was forced to fix a flat tire while driving a "truck or trailer" rented from Defendant Bibi's Truck and Trailer Equipment, L.L.C. *Id.* While changing the tire, the tire exploded, causing the wheel rim to strike him in the abdomen with great force. *Id.* As a result, he was severely injured and required surgery. *Id.* at 23-24. Cueva's "First Amended Petition" names the following Defendants: (1) E.L. Lopez, Jr., individually; (2) E.L. Lopez, Jr., Trucking, L.L.C.; (2) Bibi's Truck and Trailer Equipment, L.L.C.; and, (4) Lopez Towing Service, L.L.C. *Id.* at 21-22. His First Amended Petition asserts that these Defendants are liable to him for negligence, gross negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* at 24-26.

On May 4, 2020, Cueva filed a "Supplemental Petition" naming PALIC as a Defendant and asserting new claims against PALIC related to its denial of insurance coverage. Dkt. No. 1 at 30-40. PALIC then filed a Notice of Removal. *Id.* at 1-4. PALIC's Notice of Removal states that federal question subject matter jurisdiction is present under 28 U.S.C. § 1331 because Cueva's claims against it arise under the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. No. 1 at 2-3. After filing its Notice of Removal, PALIC filed its Motion to Dismiss, arguing that all claims against it are completely preempted by ERISA and subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 4 at 6.

In response, Cueva filed his Rule 41 Motion, seeking to voluntarily dismiss PALIC without prejudice. Dkt. No. 7. Cueva then filed a Motion to Remand and a "Response" to PALIC's Motion to Dismiss. Dkt. Nos. 8-9. Cueva's Rule 41 Motion, Response, and Motion

to Remand all argue that Cueva has the right to voluntarily dismiss PALIC under Rule 41 because PALIC has not yet filed an answer or motion for summary judgment. Further, he argues that once PALIC is dismissed, the Court must remand this case because it will lack subject matter jurisdiction. Dkt. Nos. 7-9. PALIC opposes Cueva's Rule 41 Motion and Motion to Remand, arguing that this Court should deny Cueva's Motions and grant its own Motion to Dismiss with prejudice. Dkt. Nos. 4, 11, 13.

## II. Discussion

When a defendant has not filed an answer or motion for summary judgment, the plaintiff has an unfettered right to dismiss that defendant without prejudice. FED. R. CIV. P. 41(a)(1)(A)(i) (stating that a plaintiff may voluntarily dismiss a party without prejudice by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."); *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam) (same); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (same).

> The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (3d ed.2014) ("Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the cases seem to make it clear that the notice is effective at the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the district judge may not impose conditions." (footnotes omitted)). . . . After the notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *Qureshi*, 600 F.3d at 525.

*In re Amerijet Intern., Inc.,* 785 F.3d 967, 973 (footnote omitted). A Rule 12(b)(6) motion is not an answer or motion for summary judgment. Thus, the filing of a Rule 12(b)(6) motion

does not impede a plaintiff's right to dismiss under Rule 41(a)(1)(A)(i). *Id.* at 973-974 (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976); *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975)); *Berry v. ADT Sec. Servs., Inc.*, No. 4:19-CV-24, 2019 WL 6002257, at *4 (S.D. Tex. June 24, 2019), *report and recommendation adopted in part, overruled in part on other grounds*, No. CV 4:19-024, 2019 WL 3562150 (S.D. Tex. Aug. 6, 2019).

Here, PALIC has not filed an answer or motion for summary judgment. Cueva's Rule 41 Motion is, therefore, self-effectuating and his purported ERISA claims against PALIC (*see* Dkt. No. 1 at 30-40) are no longer a part of this action. *See In re Amerijet Intern., Inc.,* 785 F.3d 967, 973 ("The notice of dismissal is self-effectuating and terminates the case in and of itself[.]"); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (same).[1] Cueva states that the remaining Defendants in this action are citizens of Texas, and the remaining Defendants have neither denied this allegation, nor opposed Cueva's Motion to Remand. *See* Dkt. No. 1 at 22, 42-46. Thus, as Cueva's remaining claims arise out of state law (*see* Dkt. No. 1 at 24-26), this Court lacks subject matter jurisdiction and Cueva's Motion to Remand should be granted.

PALIC's arguments do not disturb these conclusions. PALIC argues that the Court should deny Cueva's Rule 41 Motion because it has filed a Rule 12(b)(6) Motion to Dismiss which should be converted into a motion for summary judgment. Dkt. No. 11 at 1-2. More specifically, it argues that the Court "should" convert its Motion to Dismiss into a motion for summary judgment because the Motion relies upon two attached documents which lie outside the pleadings. *Id.* at 2 (referencing Dkt. No. 4 at 15-38, 39-80). PALIC contends

---

[1] For this reason, the Court need not grant Cueva's Rule 41 Motion, and instead construes it a notice of dismissal.

that these documents, the "Employee Injury Benefit Plan" and the "Occupational Accident Policy," help show that Cueva's claims against it are preempted by ERISA and subject to dismissal with prejudice.  *Id.*  Relatedly, PALIC states that Cueva's Motion to Remand "is not ripe."  DKt. No. 13 at 1.  In support of this assertion, PALIC states that, *if* the Court converts it Motion to Dismiss into a motion for summary judgment, "then" Cueva's Motion to Remand will not be ripe.  *Id.*

A court's review of a motion to dismiss under Rule 12(b)(6) is limited to the facts alleged in the plaintiff's complaint and any attachments to the complaint.  *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).  The court may only consider additional documents "when a party attaches documents to a motion to dismiss or response that are *both* referred to in the plaintiff's complaint and are central to the claims."  *Berry v. ADT Sec. Servs., Inc.*, No. 4:19-CV-24, 2019 WL 6002257, at *2 (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766, and *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) (emphasis in original).  Documents referred to in a plaintiff's complaint that are central to the claims are considered "*part of the pleadings* without the necessity of converting the motion to a summary judgment."  *Id.* (citing *Villarreal*, 814 F.3d at 766; *Collins*, 224 F.3d at 498) (emphasis in original).

PALIC cites no authority to support its claim that the two documents it references are outside the pleadings.  To the contrary, in its Motion to Dismiss, PALIC states that both documents are central to Cueva's claims against it and referred to in his Supplemental Petition. Dkt. No. 4 at 6.  Moreover, even if a district court finds that documents lie outside the pleadings, Federal Rule of Civil Procedure 12(d) gives the court complete discretion to accept or exclude the documents.  FED. R. CIV. P. 12(d); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d

186, 196 n.3 (5th Cir. 1988); *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007) (unpublished); *Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-2434-N-BN, 2016 WL 5871327, at *1–3 (N.D. Tex. Oct. 6, 2016), *report and recommendation adopted*, No. 3:16-CV-2434-N-BN, 2016 WL 5871328 (N.D. Tex. Oct. 7, 2016). There is no conversion until the court chooses to rely on the matters outside the pleadings. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Berry v. ADT Sec. Servs., Inc.*, No. 4:19-CV-24, 2019 WL 6002257, at *3.

PALIC has cited no authority requiring this Court to convert its Motion to Dismiss into a motion for summary judgment. More critically, PALIC has cited no authority which authorizes this Court to consider its Motion to Dismiss after the filing of Cueva's Rule 41 Motion. Courts presented with the same or similar arguments to convert Rule 12(b)(6) motions into motions for summary judgment to prevent Rule 41(a)(1)(A)(i) dismissals have declined the invitation. *See, e.g., Berry ADT Sec. Servs., Inc.*, No. 4:19-CV-24, 2019 WL 6002257, at *2-4; *Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-2434-N-BN, 2016 WL 5871327, at *1–3; *Champions League Inc. v. Big3 Basketball, LLC*, No. 17-CV-7389, 2018 WL 5619973, at *4 (S.D.N.Y. Sept. 17, 2018), *report and recommendation adopted*, 2019 WL 293305, at *2 (S.D.N.Y. 2019) (collecting cases). Pursuant to the above-cited Fifth Circuit precedent and the plain language of Rule 41, this Court should do so as well.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court: (1) **GRANT** Cueva's Motion to Remand; (2) **DENY** PALIC's Motion to Dismiss as moot; and, (3) **DIRECT** the Clerk of Court to **REMAND** this case.

## IV.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this 15th day of July, 2020, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge